■ In the Matter of the Claim of ALLAN O. LINDSTROM, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 1976, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner. In October, 1975, claimant was employed as an actor and performed in a commercial film for which he was paid a session fee. He applied for unemployment benefits and established a base period running from December 2, 1974 to November 30, 1975. In December, 1975 claimant received a reuse fee for the use of the commercial from December, 1975 through May, 1976. The referee modified the initial determination of the Industrial Commissioner and increased claimant's benefit rate by including this reuse fee in the computations of his average weekly wage during his base period. The board reversed the referee's decision concluding that the reuse fee could not be considered in computing claimant's benefit rate. Section 516 of the Labor Law provides that the term "remuneration paid" may for any purpose as the commissioner may prescribe include remuneration earned but not actually paid. Claimant contends that the reuse fee constitutes remuneration earned during his base period and, therefore, it should be considered remuneration paid during such base period so as to increase his benefit rate. It is further provided in section 516, however, that the date on which any remuneration is deemed paid shall be fixed in accordance with the rules and regulations which the commissioner may promulgate. The pertinent regulation provides that "all remuneration accrued in, whether or not paid at the end of statutory week, shall be deemed 'paid' in such statutory week" (12 NYCRR 470.2 [b] [2] [i]). Contrary to claimant's contention, this regulation is not invalid as inconsistent with or violative of section 516 of the Labor Law. Section 516 allows the commissioner to include as "remuneration paid" remuneration earned though not actually paid, but does not mandate such

an inclusion. The commissioner was authorized pursuant to section 516 to include remuneration accrued in the base period rather than remuneration earned in the base period. Consequently, the decision must be affirmed. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.